In The United States District Court
for The Southern District of Texas
Huston Division

Michael Anthony Moore # 489939
Eastham Unit
2665 Prison Round #1
Lovelady, Texas 75851
                    Plaintiffs

United States Courts
Southern District of Texas
FILED

AUG 06 2020

David J. Bradley, Clerk of Court

Civil Action no. _____

vs.

Class Action Complaint

Bryan Collier,
Individually, and his official     (Fed. R. Civ. P. 23)
Capacity as Executive Director of
The Texas Department of Criminal Justice
P.O. Box 99
Huntsville, Texas 77342
            And
Dale Wainwright,
Individually, and his official Capacity
as Chairman of the Texas Board
of Criminal Justice
P.O. Box 13084
Austin, Texas 78711
            And
J. Reed,
Individually, and in his official Capacity
as Captain for Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady, Texas 75851
            And
C. Farrell,
Individually, and his official Capacity

as captain for Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady  Texas  75851
               And

B. Coffman,
Individually and in her official Capacity
as Captain for Displary For Eastham Unit
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady,  Texas  75851
               And
James Hensarling,
Individually and in his official
Captain as Parole Commissioners,
Texas Board of Pardons and Paroles
P.O. Box 13084
Austin, Texas 78711
               And
D. Muniz,
Individually and in his official
Capacity as Sr. Warden for The
Eastham Unit
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady Texas 75851
               And

B. Johnson,
Individually and in his official
Capacity as Asst Warden for The
Eastham Unit
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady  Texas 75851

Individually and in his official
Capacity as Parole Commissioners,
Texas Board of Pardons and Paroles
P.O. Box 13084
Austin, Texas 78711
           And
A. D. Smith,
Individually and in his official capacity
as Lt for The Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Raud #1
Loveladay, Texas 75851
           And
B. Ferguson,
Individually and in her official Capacity
as Grievance official Investigator for The Beto one
Unit for The Texas Department of Criminal Justice
1391 fm 3328
Tennessee Colony, Texas 75880
           And
P. Williams,
Individually and in her official Capacity as
Assistant Director for Classification and Records,
Support Services for the
Correctional Institutions Division
Texas Department of Criminal Justice
Box 99,
Huntsville, Texas 77342
           And
D. Jr. Lawrence,
Individually and in his official Capacity
as officer for The Eastham Unit for The Texas
Department of criminal Justice
2665 Prison Raud #1

Lovelady, Texas 75851
And
D. Phillips,
Individually and in her official
Capacity as Unit Grievance official Investigator
for Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady Texas 75851
And
K. Lockhart,
Individually and in her official
Capacity as Supervisor mailroom
for Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady Texas 75851
And
Oscar Mendoza,
Individually and in his official
Capacity as Deputy Executive Director of the
Texas Department of Criminal Justice
P.o. Box 99
Huntsville, Texas 77342
And
Lorie Davis,
Individually and in her official
Capacity as Director of The
Correctional Institutions Division
Texas Department of Criminal
P.o. Box 99
Huntsville, Texas 77342
And
Paul Kiel,

And

A. Smith,
Individually and in his official Capacite
as Lieutenant for Eastham unit for The
Texas Department of Criminal Justice
2665 Prison Raund. 1
Lovelady Texas 75851
And

AZM Hasan,
Individually and in his official Capacite
as UTMB Unit medical Physician 11
For Eastham unit for The
Texas Department of Criminal Justice
2665 Prison Raund. 1
Lovelady Texas 75851
And

American Correctional Association
Standardand accreditation Department
Individually and in there official Capacite
as American Correctional Association standardand
Accreditation Department
206 North Washington Street, Suite #200
Alexandcia, VA 22314
And

K. Striblin,
Individually and in her official Capacite
as Properte Room officer for Eastham Unit
for The Texas Department of Criminal Justice
2665 Prison Raund #1
Lovelady, Texas 75851
And

K. Homes,
Individually and in her official Capacite
as unit Greivance official Investigator

for Eastham unit for the
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady, Texas 75851
                    And
K. Hutto,
Individually and in his official
Capacity as Asst. Warden for The
Eastham unit
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady, Texas 75851
                    And
T. Andrews,
Individually and in his official
Capacity as major for The
Eastham unit
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady, Texas 75851
                    And
J. Kent,
Individually and in his official
Capacity as major for The
Eastham unit
Texas Department of Criminal Justice
2665 Prison Round. #1
Lovelady, Texas 75851
                    And
J. Davis,
Individually and in her official Capacity
as unit Classification for Eastham unit for The
Texas Department of Criminal Justice
2665 Prison Round.

Lovelady, Texas 75851
        And
R. K. Alford,
Individually and in his official Capacity
as Sgt for The Eastham Unit for The
Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady, Texas 75851
        And

J. Clayton,
Individually and in her official Capacity
as Grievance office Investigator for Eastham Unit
for The Texas Department of Criminal Justice
2665 Prison Round #1
Lovelady, Texas 75851
                Defendants


Preliminary Statement:

Plaintiff Moore at the time of this Civil Action is under
imminent danger of Physical injury, dangerously high
temperatures, from medical conditions that are caused by
extreme temperature.

~~Plaintiff Conditions that~~

Plaintiff alleges that he is being Subjected to inhumane
conditions, for exemple, a heat index of 105 degrees or higher
Carries a classification of extreme danger from heat exhaustion
that may result in mental and Physical instability such as
excessive sweating, headaches, nausea and fatigue.
These symtoms left untreated will Progress to a severe
heat stroke that may lead to organ failure or death.
This is a civil Rights action filed by michael Anthony Moore,
a State Prisoner from damages and injunctive relief under
42 u.s.c. § 1983, alleging Executive use of force and

Tampering with and/or interfering with legal mail is a crime and that the Eastham unit grievance office Investigator Concerning grievances and complaints are Poor training Poor administration and Poor handing of Investigations of excessive force claims and reports were falsified, and there was a Conspiracy to derail the Investigation and imminent danger of Physical injury dangerous high temperature from medical Conditions that are caused by extreme temperature. Plaintiff moore alleges that he is being Subjected to inhumane Conditions, for example, a heat index of 105 degrees or higher Carries a Classification of extreme danger from heat exhaustion that may result in mental and Physical instability Such as excessive Sweating, headaches, nausea ~~and fatigue to a severe heat stroke that~~ and fatigue.

These symptoms left untreated will Progress to a severe heat Stroke that may lead to organ failure or death.

Plaintiff alleges that the failed to bringing all living and working environments into Compliance with State health and safety standards guidelines, There must be 60 sq.ft. Cell floor ~~for Two~~ space for Two Prisoners, However, Plaintiff moore Class of Inmates on Eastham unit and Beto one unit and Byrd unit and other units in TDCJ are still housed in only 55.4 sq.ft. floor for Two Prisoners, There must be 3,024 cu. inches of locker Storage but we on the Eastham unit are still given only 2,772 cu. inches of Storage, Plaintiff's moore Class of TDCJ Inmates are still Jammed Packed like Sardines with 198 Inmates Packed into the Beto one unit very small day rooms to ~~cells~~ watch T.V. however the federal Court Cleak mandates that there must be 35 sq.ft. 198=6,930 sq.ft.

Plaintiff moore Class of TDCJ Inmates State Issues Good time and work Credits and Good Conduct Time, work

Credit and Programming Credit. Inmate Periodically receive time ~~sheets track~~ Sheets track three different kinds of time. (1) flat time refers to catender time. (2) Good time is self explanatory, and refers to ~~catender time~~ time without working in a Prison industry or upon a Prison Job.

Plaintiff claim against Defendant UTMB Doctor aggravating circumstances and Punitive damages against. Defendant Eastham unit medical, Defendant, by and through its doctors, nurses, aides, agents servants, employees or apparent agents, engaged in willful, wanton, malicious, and reckless Conduct including conscious disregard for the health and safety of Michael Moore. when they neglected his health, safety, and welfare by failing to take basic steps, because sick, suffered Pain and mental anguish as a Proximate result of such conduct, causing the Plaintiff damages. Defendants are vicariously liable for the action and inaction of Plaintiff moore class for retaliation under 1983, Plaintiff moore must allege (1) a specific Constitutional right, (2) the Defendants Texas Board of Pardons and Paroles and Texas Executive Board TDCJ, intent to retaliate against the Plaintiff Class for his and her exercise of that right, (3) a retaliatory adverse act, and (4) Causation, the above listed claims of condition of confinement.

venue is Proper in this court because these Defendants are Texas residents, as well as officers and employees of Texas, acting in their official capacities and under Color of State authority. The business of these Defendants is conducted throughout the state of Texas, including the Southern District.

furthermore, many Proposed Class members are held in custody in the Southern District of Texas.

Thus, their Claims arise in the Southern District as well.

venue is appropriate in this Court Pursuant to 28 u.s.c. §
1391 (b) (1).

## Applicable federal Laws

Under the fairness Act, this courts Jurisdiction is no longer
limited to questions Suitable for consideration under § 1983.
Once diversity Jurisdiction has been engaged, this Court
becomes vested with authority to entertain all Claims Predicated
upon State Law, as well as all Claims arising under § 1983.

The Prison Litigation Reform Act, 42 u.s.c. § 1997 (e)(a)
Stipulates that no action shall be brought with respect to
Prison Conditions under § 1983 until availible administrative
remedies are exhausted. for a § 1983 Civil rights grievance,
inmates can file a grievance with the grievance Commissioner in
Texas Department of Criminal Justice.
A step one grievance is filed at the unit or Prison level.
A step Two grievance is filed with the Central Office.
Exhaustion of administrative remedies involves this filing
of a step one and step Two, grievance. However, if an inmate
tenders a grievance Complaining about any matter relating to
their Parole review they receive a note back stating that
Parole is not a grievable issue. Accordingly, the exhaustion
requirement of the Prison litigation Reform Act has been
waived, as there are no administrative remedies to exhaust
for issues Concerning Parole or mandatory supervision. see
v.T.C.A., Government Code § 508.149 (d).

[no administrative or Judicial Appeals for denial of Mandatory
supervision].
see also 544 u.s.___, 125 S.ct. 1242 (2005).
In accordance with the recent Case of Wilkinson v. Dotson,
challenges to Parole Procedures, including challenges to Parole
eligibility and challenges to Parole suitibility, may be brought

Pursuant to § 1983.

## Class Allegations

Plaintiff brings this action on behalf of themselves and all other Inmates Similarly Situated Prisoners Pursuant to federal Rules of Civil Procedure 23 (a) and (b) (1) (a) and (b)(2);
Shipes v. Trinity Industries, 987 F. 2d 311 (5th Cir. (1993);
merrill v. Southern methodist Univ, 806 F. 2d 600, 609 (5th Cir. (1986); Jenkins v. Raymark Indus, Inc. 782 F. 2d 468, 471-72 (5th Cir 1986).

Plaintiff request that the Court Certify a Class Consisting of all Persons, who are Presently imprisoned within TDCJ and who meet the Conditions.
This Class is Properly maintainable as a Class action under Rule 23 (a) because the requirements of Rule 23 (a) are met as follows: (a) the members of the Class are too numerous to be Joined in one action.
Plaintiff Claims are typical of Claims of the Class. The Claims of the named Plaintiff are based on the same legal theory as those of the entire Class. The named Plaintiff and Plaintiff-Class both Seek declaratory and injunctive relief only.

Plaintiff will fairly and adequately represent the interest of the Class.
~~Plaintiff~~

The interest of the Class representatives are Consistent with those of the Class numbers that would affect this litigation. Plaintiff recognize the Complexities of this litigation where extensive discovery and dispositions and expert testimony will be relied upon to Prove the allegations. Therefore, Plaintiff will request appointment of Counsel who have experience and ability to vigorously Prosecute this Case.

This action is properly maintainable under Rule 23 (b)(2) because Defendants have acted or have refused to act on grounds applicable to the class as a whole, thereby making class-wide declaratory and injunctive relief appropriate. This case involves a challenge to the Defendant Policies, Customs, and/or Practices, including but not limited to Defendant intent to retaliate against has generally and importantly aspects, similarly affected the entire Proposed Class.

This action is also maintainable under Rule 23 (b)(1)(a). Separate actions would create a risk of inconsistent adjudication with respect to individual members of the class which would establish incompatible standards of conduct for Defendants. Defendants could be subjected to varying and possible conflicting injunctive and/or declaratory order.
Class Action treatment Provides a fair and effective method of adjudicating for the controversy herein described, which affects a large number of People for who Joinder is impracticable.

This class action Provides an effective method whereby the enforcement of the rights of Plaintiff and the class members can be fairly managed without unnecessary expense and duplication.

In class action cases, Consistent with the holding of Courts in the Title VII area only the named representatives of the class must exhaust for a class to be Certified.
Jackson v. District of Columbia 254 F. 3d 160 (D.C. Cir. 2001);
Jones-El v. Berge, 172 F. Supp. 2d 1128 (W. D. Wis. 2001);
Lewis v. Washington, 265 F. Supp. 2d 939 (N. D. Ill. 2003) (following Jones-El).

Plaintiff more class of TDCJ units current and ongoing violations of the Eighth Amendment in facility living conditions also inhumane violations to persist in TDCJ units.

1. Defendant Bryan Collier, as Executive Director of the Texas of criminal Justice, is being sued in his official Capacite.

2. Defendant Dale Wainwright, as chairman of the Texas Department of criminal Justice is being sued in his official Capacite.

3. Defendant A.D. Smith, as Lt for The Eastham unit for Texas Department of criminal Justice, is being sued in his official Capacite.

4. Defendant B. Ferguson as Grievance office Investigator for The Beto one unit for the Texas Department of criminal Justice is being sued in her official Capacite.

5. Defendant P. Williams, as Assistant Director for classification record, support services for the Correctional Institution Division, Texas Department of criminal Justice, is being sued in her official Capacite.

6. Defendant oscar mendoza, as Deputy Executive Director of the Texas Department of criminal Justice is being sued in his official Capacite.

7. Defendant Lorie Davis as Director of the Correctional Institution Division Texas Department of criminal Justice is being sued in her official Capacite.

8. Defendant Paul Kiel as Parole Commissioner for Texas Board of Pardons and Paroles is being sued in his official Capacite.

9. Defendant James Hensarling as Parole Commissioner for Texas Board of Pardons and Paroles is being sued in his official Capacite.

10. Defendant D. Muniz, as Sr. Warden for the Eastham Unit for the Texas Department of Criminal Justice is being sued in his official Capacity.

11. Defendant B. Johnson, as Asst. Warden for the Eastham Unit for the Texas Department of Criminal Justice is being sued in his official Capacity.

12. Defendant K. Hutto, as Asst. Warden for the Eastham Unit for The Texas Department of Criminal Justice is being sued in his official Capacity.

13. Defendant T. Andrews as Major for the Eastham Unit for the Texas Department of Criminal Justice is being sued in his official Capacity.

14. J. Kent, as Major for the Eastham Unit for the Texas Department of Criminal Justice is being sued in his official Capacity.

15. Defendant J. Davis, as Unit Classification for Eastham Unit for the Texas Department of Criminal Justice is being sued in her official Capacity.

16. Defendant D. Phillips, as Unit Grievance Official Investigator for Eastham Unit for the Texas Department of Criminal Justice is being sued in her official Capacity.

17. Defendant K. Lockhart as Supervisor Mailroom for Eastham Unit for The Texas Department of Criminal Justice, is being sued in her official Capacity.

18. Defendant J. Reed, as Captain for Eastham Unit for the Texas Department of Criminal Justice, is being sued in his official Capacity.

19. Defendant C. Farrell, as Captain for Eastham Unit for the Texas Department of Criminal Justice is being sued in his official Capacity.

20. Defendant B. Coffman, as Captain for Eastham Unit for the Texas Department of Criminal Justice is being sued in her official Capacity.

21. Defendant American Correctional Association standard and Accreditation Department as American Correctional Association standard and Accreditation Department, is being sued in official Capacity.

22. Defendant K. Striblin as Property Room officer for Eastham unit for The Texas Department of criminal Justice, is being sued in her official Capacity.

23. Defendant K. Hones, as unit Grievance official Investigator for the Texas Department of criminal Justice, is being sued in her official Capacity.

24. Defendant A. Smith, as Lt. for Eastham unit for the Texas Department of criminal Justice is being sued in his official Capacity.

25. Defendant AZM Hason, as UTMB unit medical Physician II for Eastham unit for The Texas Department of criminal Justice is being sued his official Capacity.

26. Defendant D. Jr. Laurence, as officer for Eastham unit for the Texas Department of Criminal Justice, is being sued in his official Capacity.

26. Defendant R.K. Alford, as Sgt. for the Eastham unit for the Texas Department of criminal Justice is being sued in his official Capacity.

## First Case of Action

Defendant failed to bringing all living and working environments into Compliance with state health and safety standards

Defendants failed to following standard guidelines

(1) There must be 60 sq. ft. cell floor space for two Prisoners, However, Plaintiff moore Class of Inmates on Eastham unit and Beto one unit and Byrd unit and other units in TDCJ are still housed in only 55.4 sq. ft. floor for two Prisoners.

(2) There must be 3,024 cu. inches of locker storage but we one the Eastham unit are still given only 2,772 cu. inches of storage. As it stands to day, TDCJ-ID Eastham unit and other unit have not even attempted to bring the Eastham unit and other units into compliance with the Court agreement (Michael's Agreement) By Defendants upholding their Promise to make all of the old units (i.e. Eastham unit) small Prison cells, "Single Cell," that houses only one Prisoner in them.

(3) Plaintiff moore Class of TDCJ units are still Jammed Packed like Sardines with 198 Inmates Packed into the Beto one unit very small dayrooms to watch T.V., however, the federal Court Clerk mandates that there must be 35 sq. ft. of dayroom space Per Inmate, that translates to 35 sq. ft. 198 = 6,930 sq. ft.

## Second Case of Action

Defendants TDCJ units mailroom on Eastham unit and Beto one unit and Byrd unit and other unit in TDCJ retaliated against Plaintiffs moore Class of TDCJ Inmates.

The deprivation of Plaintiff's moore and Class of TDCJ Inmates safety, Peace of mind, freedom of, speech, or threats to Plaintiff moore currently oppressed of their rights in TDCJ-ID units violates, the due Process of Law clause, the equal Protection of the Laws clause, the due cruel and unusual Punishment clause, mental anguish, and mental cruelty, in the 1st, 5th, 8th, and 14th U.S.C.A., and the

Constitution of the State of Texas, and both state and federal regulations dealing with delaying and denying mail, impeding or hindering or stopping the delivery of the mail in a timely manner.

Defendants units mailroom staff members conspiracy to obstruct justice and commit official misconduct.

## State Criminal Laws Violated

Defendants Statute of limitations for conspiracy allows Prosecution up to three years after the last act in furtherance of the conspiracy.

## Federal Criminal Law Violated

Defendants TDCJ unit mailroom staff members obstruction of justice under 18 u.s.c. § 1512 (b).

Criminal Civil rights violations under 18 u.s.c. § 242, and Conspiracy under 18 u.s.c. 371, Defendants Warden D. Muniz, Asst. Warden B. Johnson, Asst. Warden K. Hutto, major J. Kent, T. Andrew, Captain J. Reed, C. Farrel, J. Davis, B. Coffman, and Grievance office Investigator D. Phillips, K. Horne and J. Clayton engaged in gross if not criminal misconduct.

Defendants Eastham unit and other units mailroom Tampering with and/or interfering with legal mail is a crime.

Third Cause of Action
42 U.S.C. § 1983
Excessive force Claim Aqust Sgt. Alford
And officer Duval and Lt. Smith in Individual
Capacity

on September 18th, 2019, Plaintiff moore Suffered grievous
Personal injure when TDCJ Personnel including Sgt. Alford and
officer Duval and Lt. Smith Assault and Battery

Plaintiff moore intentionally, knewfully and fircely Striking
Plaintiff as he was Protecting himself from the onslaught of
the Defendant's and Caused him to be tightly Placed upon the
wrists of Plaintiff moore.
Plaintiff was attacked by Sgt. Alford and officer Duval and
Lt. Smith and other officers, who were acting in the Course and
Scope of their employment as TDCJ in an attempt to go to PHD cell
of Plaintiff.
Sgt. Alford and officer Duval and other employee TDCJ Eastham unit
Shawed deliberate disregard for the Civil Rights of Plaintiff. see
Scott v. Harris, 550 u.s. 372, 381 (2007),
Brower v. City of Inep, 489 u.s. 593, 598-99 (1989),
Lugar v. Edmondson oil Co, 457 u.s. 922, 936-37 (1982).
Sgt. Alford and other TDCJ employees used unreasonable
unnecessary and excessive force during the seizure of Plaintiff
moore.
Specifically Sgt. Alford used unreasonable, unnecessary and excessive
force was unreasoble due to the threat it Posed to Plaintiff moore
Neurosurgery date of August 8, 2019 Surgery from UTMB Health
Discharge from have Surgery TDCJ Clinic Neurosurgery to Plaintiff
moore neck report worsening neck Pain.
Plaintiff moore current health Care Complaint evaluation date of
September 18th 2019, 15833 facility Eastham unit medical
Patient moore states I have Popping in my neck from an

Five Cause of Action

State Issues

Good Time and work Credits

Through Prejudicial overt acts, material omissions, material Misrepresentations and acts of deceit and turpitude, compounded by guilty knowledge. Defendants have a Practice of treating Good Time and work Credits as discretionary. Time sheets are issued tallying the accumulated Good Time and work Credits.

Without good Cause or for no Cause at all Defendants believe they can unilaterally ignore good conduct time the functional equivalent of erasing these time Credits and do so without feeling any Compunction to Provide a factual basis for taking this action.

Good conduct time serves only one Purpose, and this is to Shorten the length of the sentence. Defendants Practice of ignoring good conduct time and not applying it to the end of a sentence has the effect of Converting good conduct time into a fiction.

Good conduct Time, work Credit and Programming Credit

Inmate Periodically receive time sheets Time sheets track three different kinds of time. (1) flat time refers to ~~time without any Problems time~~ calender time. (2) Good Time is self explanatory and refers to time without any Problems. (3) work Credit refers to time devoted to working in a Prison industry or upon a Prison Job. at the end of these time sheets, the totals are compared to the maximum Prison sentence to be served. As flat time, good time and work Credit begin to approach their maximum sentence, inmate Justifiable begin to feel optimistic about leaving Prison.

The legislature has allow Good time, work Credits and Program Credits to expedite the initial Parole review.

assault and may fight crist."

The unreasonable, unnecessary, and excessive free used by Sgt. Alford and other officers caused Plaintiff more injury. See Dunn v. Denk, 79 F. 3d 401, 403 (5th Cir. (1996).

Plaintiff suffered substantial and material injuries. These injuries include severe injuries to arm and leg and other injury and mental anguish. see Wilkins v. Gaddy 559 U.S. 34, 37-38 (2010); Hayster, 678 f. 3d at 691.

## Fourth Cause of Action
### Aggravating Circumstance and Punitive Damages Against Defendant AZM Hosan

Defendant AZM Hosan by and through its doctors, nurses, aides, agents, Servants, employes or apparent agents, engaged in willful, wanton, malicious, and reckless conduct including conscious disregard for the health and safety of michael Anthony Moore when they

a) Neglected his health, Safety, and welfare by failing to take basic steps.

b) Neglected his health, Safety, and welfare by Failing to take basic step to take him out of work.

c) failed to arrange for him to receive medical treatment for his neck and Back to the Pain Clinic in UTMB Surgical. michael Anthony Moore, became Sick, suffered Pain and mental anguish and as a proximate result of such conduct, causing the Plaintiff Moore damages.

This applies to most inmates.

once an inmate gets past their Parole eligibility date the Progress indicated on these time sheet becomes illusory because Good time and work Credit cannot be counted upon to be applied to a release date. many Plaintiffs accrue Good Time and work Credit until their totals exceed and even double their maximum Sentence. Nevertheless, these Class members remain in Prison. In Short, Good Time and work Credit became meaningless.

Hereafter, references to Good time and work Credit shall refer to these kinds of time Credits Solely. References to good Conduct time shall include any and all available forms of time Credit, excluding Calendar time.

Good Time and work Credits are Products of different legislatures.

Good Time ~~and work credits are Products of~~ d has been Credited to Texas Prisoners from the inception of the Prison System. work Credits, on the other hand, only appeared in 1988. The date reflected on these time sheets is generated by Classification. These time sheets attest to the capacity of the Classification and records division to give individualized attention to all Parole Candidates.

   Significant Legislation Impacting upon Parole
During the 65th legislature (1977-1979), Texas enacted what has Come to be known as its 1/3rd Law. under this legislature if an inmate Served one-third of their Sentence, they became elisible for Parole.

65th legislature regular Session Mandatory Supervision Release Program, Chapter 346, S. B. No. 152.

in Computing time-served to one-third of the Sentence, each inmate received one day of Good time for every day of Calendar time Served, Plus between 30 to 45 days of additional Good time for every Program Completed and additional Good time Credit if their security level Status

equaled their sentence.

This was known as the mandatory supervision date.

Unlike the 1/3 rd Law, the accumulation of good time, work credit and flat time equal to the sentence did not function as a complete discharge from the crime. ~~Toward~~ Instead, inmates were to relinquish their accumulated good time and work credit upon being released to supervision.

Further, inmates remained under supervision until their crime had been discharged day for day.

This Law Prevailed from 1987 up to September 1, 1996.

Another Significant amendment was made by 70th Legislature. Crimes were enumerated and, if an offender had been convicted of one of these crimes they were ineligible for mandatory supervision. In these cases, the offenders earned good time served only one Purpose, and that was to move forward their initial eligibility for Parole. Good time and work credit could not be applied toward early release.

For the first time, the Parole Board acquired authority to make certain enumerated offenders serve their entire sentence day for day. These 13 enumerated crimes consisted of: (1) murder, 1st degree, (2) capital murder, (3) Aggravated Kidnapping, (4) Sexual Assault, 2nd degree, (5) Aggravated Assault 2nd or 3rd degree, (6) Aggravated Sexual Assault 1st degree, (7) Deadly weapon on Law Enforcement Corrections officer or Court Participant (8) Injury to a Child or elderly individual, (9) arson 1st degree, (10) Robbery 2nd degree, (11) Aggravated Robbery 1st degree, (12) Burglary 1st degree if armed or Possessing explosives or a Person is threatened or injured, and (13) any offense when the Judgment contains an affirmative finding of a deadly weapon.

## Inmate Labor and Slavery

A Search of the Texas Constitution reveals no trace of the word Slavery or any reference to the use of inmate labor as slaves.

During the term of the 74th Legislature, from 1995 to 1997, the Parole Board's ability to perform its statutorily delegated function of reviewing all parole candidates, applying the Texas Parole guidelines to their cases and issuing decisions as to their fitness for parole was clearly illusory. The Parole Board was vastly lacking the staff and resources to perform this task. Nevertheless, the 74th Legislature increased the authority of the Parole Board by giving them the right to cancel an inmates work credit, simply upon a finding that the offender's release could endanger the publics safety.

a finding that an offenders release could endanger the publices safety is ambiguous, vague and vulnerable to abuse. It is further submitted that Plaintiffs have seen their mandatory supervision date pass as well as their good time and work credits rescinded for just this reason, with no factual basis and no reasoned decision to support this finding and for taking this action.

### Emasculation of Parole Board Resources and Personnel

From 1977 to 1987, when the Parole Board presumably had the staff and resources to give individual attention to inmates cases, their power was very limited, every inmate eligible for parole under 65th Legislature could count upon early release once their flat time and good time credits equaled their sentence, and no approval from the Parole Board was powerless to hold an inmate for every calendar day of their maximum sentence.

In 1989, voters approved a constitutional amendment to merge every agency involved in the administration of criminal justice, into one giant department called the Texas Department of Criminal Justice. These Defendants interpreted this mandate from voters as sanctioning the act of separating the Parole Board from its central staff and resources while continuing to hold the Parole

was changed for the better. hereafter, Credits for good time, for Programs Completed and for Positive Status changes are referred as Good time.

Under the Law enacted by the 65th Legislature, Good time was not discretionary. this Law was in force from 1977 to 1987. if an inmate was not released on Parole, they could count upon getting released when their flat time and Good time equaled their sentence, this was known as the mandatory release date. Further, when the accumulation of flat time and Good time equaled their sentence, they were entitled to a full discharge from their Crime.

Under the 1/3rd Law enacted by the 65th Legislature, a life sentence equated sixty years. see Hummel v. Estelle, 589 F.2d 651, 656 (5th Cir. 1978).

Calender time and good time were both factored into the equation for reaching 60 years. The actual time required to satisfy this 60 years sentence varied. if the inmate qualified for state approved trusty Class I, II, III, or IV, the Calendar time would equal between 24 to 26 years.

if the inmate was in line I, they would have to serve 36 1/2 years. Under the Law in force from 1977 to 1987, the Parole Board had no authority to repeal earned and accrued Good time, and they could not block the release of inmates after their sixty years had been accrued. see Hummel v. Estelle, 587 F.2d 651, 656 (5th Cir. 1981).

During the 70th Legislature (1989-1989). Texas enacted what has come to be known as its 1/4 Law. Under this legislature, if an inmate served 1/4 of their sentence, they became eligible for Parole.

In Computing time toward serving 1/4 of their sentence, each inmate received one day of Good time for every day of flat time served, plus 1/2 day of work Credit for every day of flat time served. like the 1/3rd legislature, the Good time and work Credit earned under the 1/4 Law was not discretionary. if an inmate was not released on Parole, they could count upon getting released when their flat time, Good time and work Credits

nevertheless, Texas has a long and unbecoming history of resisting the economic integration of Blacks into its society, and exploiting the use of inmates as slave labor.

The 13th Amendment to the U.S. Constitution states in Pertinent Part: " Neither Slavery nor involuntary servitude except as a punishment for crime ... shall exist within the united states". The 13th Amendment was formally adopted on December 18, 1865. Texas was not among the states ratifying this amendment. In 1866, Participants at a Constitutional convention took the Position that it was unnecessary to adopt this amendment. by taking an oath to support the united States Constitution, they had indirectly abolished slavery, and this was sufficient. It was not until february 18, 1870, that Texas formally adopted the 13th Amendment, and this admission back into the union.

Inmates Perform valuable Services in their Prisons and in a multitude of different Prison industries. without inmate labor, these Prison and Prison industries could not function. from the inception of its Prison system, Texas historically refused to Pay its inmates any wages for their work, no doubt relying upon the clause carving out an exception for inmate labor in the 13th Amendment of the U.S. Constitution as their authority for doing so.

The 70th Texas Legislature reversed this long standing Practice and Policy by Creating work Credits as Part of its major overhaul of the Parole system. under the 1/4 Law, as this legislation came to be called, these work Credits vested when earned, and hastened an inmates mandatory Supervision Date. Since this law was enacted, inmates have been receiving a half day of work Credit for every day of calendar time served.

Board responsible for making release decisions for all Parole Candidates.

Just as it was abundantly evident and foreseeable that the Criminal Justice Reform act of the 71st Legislature would transform the Parole Board into a Puppet entity of the Texas Department of Criminal Justice, the 70th Legislature Significantly expanded the Parole Boards authority for the first time, the parole Board was given authority to strip offenders of their good time Credit if they did not make Parole at their first hearing. This new law further empowered the Parole Board to require offenders Committing 13 enumerated Crimes to serve their entire Sentence day for day.

By 1993, the implementation of the Criminal Justice Reform Act enacted by the 71st Legislature was Complete. The Parole Boards loss of Personnel and resources left it incapacited and hopelessly under Staff for analyzing the high volume of Parole Cases referred, and therefore incapable of Performing its assigned Statutory task.

Despite loss of their ability to Provide individualized attention to every Pool Candidate, in 1996, the Powers of the Parole Board were Significantly enlarged again.

for the first time, the Parole Board acquired ~~the right to retain all offenders serve their entire sentence day for day, and~~ to withhold the application of good time and work Credit toward early release for all offenders. Upon finding that an inmate still Posed a danger to the Publics welfare, a Parole Panel had authority to render good time and work Credit meaningless for any inmate, regardless of their Crime,

## Six Cause of Action

Property Room offices And Grievance office
Investigator for Retaliatory Adverse Act

Defendants that on or about June 11, 2019, Plaintiff
Preserved his Complaint for review, in the event that TDCJ
Property Room officer or Grievance office Investigator try to
retaliatory against Plaintiff after filing his Step one and Step
Two with the Beto one unit and Eastham unit Grievance
Department under Grievance number # 2019136899 and
Grievance number # 20200386331, for missing Personal Property
Typewriter / word Processor Two fans and other, etc Property
not Inventory on the date of June 4, 2019, on Beto one unit
after being give notice by officer that Plaintiff Moore was
on outgoing medical Chain to UTMB.

Defendants Property room officer Striblin and TDCJ
Grievance office Department Investigator ID # I2644
Grievance Code # 515.

Defendant TDCJ Grievance office Department Investigator
and Property room officer Striblin knew or Should have Known
that destroying moore missing Personal Property Typewriter /
word Processor and Two fans and other, etc during the
Pending of Step Two Grievance Appeal number # 2019136899,

Defendant notice of Extension to Plaintiff Moore Pending
Step Two Grievance Appeal number # 2019136899, Date of August
9, 2019, an additional 40 days is needed for appropriate
Response to your Step Two Grievance number # 2019136899,
By Defendant B. Ferguson.

Plaintiff moore must allege (1) a specific Constitutional right, (2) The Defendants Property Room officer Striblin and and Eastham Unit Grievance office Investigator Phillips and Grievance office Investigator B. Ferguson intent to Retaliate against the Plaintiff moore for his exercise of that right, (3) a Retaliatory adverse act, and (4) Causation; Hart v. Hairsten, 343 F. 3d 762, (5th Cir. (2003)), Jones v. Greninger, 188 F. 3d 322 (5th Cir. (1999)); McDonald v. Steward, 132 F. 2d 225 (5th Cir. (1998));

Defendant specifically AD 3.72 V.B.8. "In the event an offender files a grievance as a result of Property items, the Property officer shall continue to hold the Property in the Property Room until the grievance is complete.

Defendants officer Striblin and TDCJ Grievance office Department Investigator B. Ferguson, knew or should have known that destroying Plaintiff moore Personal Property during the Pending of Step Two Grievance Appeal number # 2019136899, was a intent to Retaliate against the Plaintiff moore.

Plaintiff moore Show that the Defendants on January 24, 2020 Possessed a Realiatory motive against Plaintiff after Filing Several Step Two Two Grievances Appeals numbers # 2020038633, # 2020038633, # 202001650, # 2020007089, # 2020003350, # 2019172122, # 2020038633, # 202006919.

Plaintiff Moore Prove that the above Defendants Realiatory by not sending back the above Step Two Grievances Appeals numbers.
Defendants officials likewise may not retaliate against an Inmate for using the Grievance System.

Defendant Deputy Director of the Department for not sending back my Step Two Grievance Appeals after filing them on the Eastham Unit level with the unit Grievance office Investigators Phillips and Home.

To be administratively Exhausted an incident must be Processed to completion through both Steps.

Seven Cause of Action

~~Extreme~~ Related to Excessive heat

Extreme Temperatures

Defendants TDCJ Unit Eastham unit and Beto one unit and Bryn unit and coffield unit, Plaintiff mare is under imminent danger of Physical injury dangraus high temperatures, from medical Conditions that are caused by extreme temperature.

Plaintiff mare close of TDCJ units alleges that he is being subjected to inhumane Conditions, for example, a heat index of 105 degrees or higher carries a Classification of extreme danger from heat exhaustion that may result in mental and Physical instability such as excessive sweating, headaches, nausea and fatigue.

These symptons left untreated will Progress to a severe heat stroke that may lead to organ faiure or death.

Defendants TDCJ-ID Units, citing violations of the Americans with Disabilities Act as well as violations of his due Process and equal Protection rights.

## Eight Cause of Action Failure to Enforce a New Law

Defendants Parole Board Guidelines also violate the new Law.

Gov. Code. § 508.144 has been amended in three respects.

(1) If a Parole Candidate is not Paroled in Plaintiffs Guideline range, the Parole Board is now required to write a written report and not a brief written report.

(2) This written report is to include details. The Phrase nature of the offense does not qualify as details.

(3) The Third change is Probably the most important of all. nay a Copy of the Justification for denial must be given to the Inmate.

These Changes reinforce the original Law and give it teeth.

once again the Law state that the Defendants guidelines are to be the basic Criteria on which a Parole decision is to be mad making the Defendants Parole Board give Plaintiffs a Cop to the Inmates make this Process transparent (i.e easily recognized and obvious).

Defendants Current Parole Guidelines which also violate the u.s. Constitution.

in the first Place, there are no Guidelines ranges. The absence of guideline ranges means there are no brakes on the exercise of discretion.

This defeats the very Purpose of a guideline instrument.

second, Defendants do not take into account Plaintiffs offense of Conviction.

9 Cause of Action

Drinking water, it turned out, was full of lead and other Toxins

Defendants no amount of lead exposure is safe.
There is no known cur for lead Poisoning.
Lead accumulates in the teeth, bones, and soft tissues.
the Same Places that collect Calcium - which means that small, sustained exposures Can build up to a severe amount of lead in the Body of Plaintiff's Moore on Eastham unit and other TDCJ-ID units.
This Can Cause Plaintiff's Moore and other offenders in TDCJ-ID units brain swelling, fatigue, anemia, vomiting, abdominal Pain, irritability, aggressive and antisocial behavior, slowed growth, hearing Problems, learning disabilities, diminished I.Q, reduced attention Spans, Kidney failure, Seizures, Coma, and extreme Cases, death.
Plaintiff's Moore are at risk from exposure, to lead Can Cause anemia, hypertension, Joint and muscle Pain, memory difficulties, headaches, mood disorders, Kidney damage, low sperm Counts, abnormal Sperm, miscarriages, and stillbirths.

Defendants unit Eastham drinking water that has the water looked brown, or orange and sometimes had Particulates floating in it.

Plaintiff Moore and other offenders shaving seemed to be connected with skin rashes and hair loss.

Defendants water smelled foul. A sip of it Put the taste of a Cold metal Coin on your tongue.

Ten Cause of Action Assaults by officer In Ad. seg

In a number of Cases, Plaintiff Moore Class are assaulted by officers while being escorted to and from Showers, recreation, infirmary, etc, while being mechanical recraints with their hands behind their back and no official Present with a video Camera to record the incident until the assault has been committed, and obviously it will be said that it was the Prisoner who had made an attempt to harm the officer(s) and many times officers attempt to Provoke Prisoners to retaliate to their unlawful attacks upon them, thus attempting to cover-up their abuse.

In some cause the Prisoners will have felony charges lodged against him or her when an official comes to dislike a Prisoner(s), in most cases such Prisoners will be body slammed while being escorted and handcuffed out of his cell, on the stairs where Prisoners upon other Prisoners have filed complaints on such, thus to those assaults upon other Prisoners in admin. seg.

it is without a doubt, that Prisoners are Protected from "sadistic" and "brutal" unnecessary use of force by the 8th Amendment, Hudson v. McMillian, 112 S.ct. 995, 998-99 (1992);

a large number of Prisoners constantly live in fear of being assaulted by officials who have taken a Personal vendetta upon them and certain Prisoners have fallen into their graves due to officials attacks. See Davis v. Locke, 736 F.2d 1208, 1212 (11th cir. (1991);

Northington v. Jackson, 973 F.2d 1524 (10th cir. (1992);

Perrish v. Johnson, 800 F.2d 600, 605 (6th cir. (1986);

Burton v. Livingston, 791 F.2d 100-01 (8th cir. (1986)

Defendants TDCJ units Population has decreased by thousands, the number of time officers have used force against Plaintiff class has Jumped.

Defendant in 2019, there were 6,624 instances of staff using force against Plaintiff Class in Texas Prisons, According to a report from Texas Department of Criminal Justice that tracks " major use of force incidents".

Defendant last year, there were nearly 11,000 documented incidents.

Defendants since 2015, 19 Prison officers have been sentenced in use-of-force cases in TDCJ;

Retaliate transfer for Beto one unit

Defendants Executive Director and Beto one unit Chief of Classification and sr. Warden, intent to retaliate against Plaintiff by retaliate transfer from Beto one unit, Law library was been Ground Floor.

Plaintiff Current Patient Restrictions one has assignment Ground floor only, Start Date march 29, 2017.

Defendant retaliate transfer to Eastham unit without a Ground Floor Law library.

Defendant transfer to Eastham unit without a ground floor only Law library interference with Plaintiff moore current Patient medical Restrictions.

Defendant denied Plaintiff moore Law library access to Law book because Eastham unit do not have a ground floor only Law library for Plaintiff moore current Patient Restrictions Ground floor only, after being intent retaliate transfer to Eastham unit.

Plaintiff moore right to court access was Violated by Defendants actions with intent to interference with denied him the rights to Law library on ground floor Law library on Eastham unit. (1) limitation of access to legal materials through; (2) going to Law library on Eastham unit for drafting legal Pleading in Plaintiff Criminal Case In he The State of Texas vs. Michael Anthony moore Cause No. 17,959-272; (3) Challenged his Claims of Actual Innocence; (4) Ineffective Assistance of Counsel;

over Back Side

Due To The lack of Air Conditioning
And Their Medical Conditions

Defendants Executive Director and Director Davis.

Plaintiff Moore alleying Cruel and unusual Punishment
against the Defendants due to the lack of air
Conditioning all TDCJ unit and their Medical

Conditions.

in violate the Plaintiff Class Moore Eighth Amendment.
Plaintiff moore grave that it violates Contemporary
standards of decency to expose anyone unwillingly to Such
a risk.

in other words that there is some risk of harm when the
heat index exceeds 88 degrees does not necessarily mean
that the Eighth Amendment requires a heat index below that
Number. See: Ball v. LeBlanc, 881 F. 3d 346 (5th Cir. 2019),
U.S. D. C. (S. D. Tex.), Case No. 4:17-cv-02335.
see also: Yates v. Collier, 868 F. 3d 354 (5th Cir. 2017),
(S.D. Tex.), Case no. 4:14-cv-01698.

## Relief Requested

Wherefore, Plaintiff requests that the Court grant the following relief:

A) Issue a Declaratory Judgment stating that: the abuse of Plaintiff moore by the Defendants, violated Plaintiff Moores rights under the 8th Amendment to the United States Constitution.

B) Issue an injunction ordering Defendants or their agents to immediately stop using/spraying Pepper mace or gas while inmates are locked in their assigned cell area.

C) Issue a Permanent injunction that Defendant Bryan Collier Director, Executive of TDCJ or their agents to immediately come into compliance with the August 1, 1982, with full implementation on november 1, 1983 (see District Court's order Parts 1. B. C3), C4), I E, V II. A. C3) C4), VII. C1). Consent Decree Approved by the U.S. District S. D. Texas.

D) Issue a Permanent injunction that the Defendants Bryan Collier. Executive of TDCJ or their agents to immediately come into compliance with the 1980 Consent Decree Approved by the U.S. District Court Texas) wherein state officials agreed to Honor Prisoners Good time and to Restore.

E) Issue a Permanent injunction that the Plaintiff moore be assigned to the Beto one unit for medical matter and Physical therapy to avoid farther retaliations, life threats, Pending outcome of trial.

Plaintiff moore seeks is that this Honorable Court Compel and order the Defendant to:

F) order the Defendants to Cease any and all harassment of the Plaintiff, if Harassment is occurring; if said harassment isn't occurring, insure that it doesn't start in any form.

G) order the Defendants and their agents to cease their abuse of the Plaintiff, if Harassment is occurring; if said Harassment isn't occurring, insure that it doesn't start in any form.

H) order the Defendant, Bryan Collier, Executive of TDCJ or their agents to immediately with a Permanent injunction order to transfer the Plaintiff moore off the Eastham unit with all his Property and to issue him some lock boxs for all his legal materials for courts

I) order the Defendants to Provide him with the supplies he needs to continue this litigation.

J) order the Defendant Bryan Collier, Executive of TDCJ or their agents to order the Plaintiff a new Typewriter/word Processor because the Defendants had destroy his Typewriter/word Processor

K) Issue a declaratory Judgment stating that:

1. The Physical abuse of the Plaintiff by Defendants alford and other violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Award Compensatory damages in the following amounts of: $20,000.00 Jointly and Severally against Defendants Alford and other for the Physical and Emotional injuries sustained as a result of them beating the Plaintiff.

3. Award Punitive damages in the amount of: $30,000.00 each against the Defendants alford and TDCJ.

Wherefore, Plaintiff requests that the Court grant the above relief and grant such other relief as it may appear that Plaintiff is entitled.

Respectfully Submitted,

Michael Moore

By: Michael Anthony Moore #487939
Eastham Unit
2665 Prison Farm #1
Lovelady, Texas 75851

Affidavit in support of Plaintiff
Moore Class Complaint

Michael Anthony Moore, being duly Sworn, deposes and says:

1. I am the Plaintiff in the above entitled cause. I make this
affidavit in support of my complaint.

2. I am the Pro se Plaintiff moore of record in the foregoing
Class Complaint.

I have Prepared the foregoing Class Complaint and all statement
contained therein are true and correct to the best of my
knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under Penalty of Perjury
that the foregoing is true and correct.

See also, Carter v. Clark, 616 F.2d at Page 228-230-31 (5th Cir.
1980)

Signed on this __9__ day of __June_____, 2020.

_____
michaell moore
By: Michael Anthony Moore #489939

Plaintiff's Moore Class members mailing address and

names as following

Eastham Unit
2665 Prison Round #1
Lovelady   Texas 75851

1. Jirad Elliott # 1752118, Plaintiff

2. Nathaniel Barrow # 2203613, Plaintiff

3. Benyameen Eshag Coco # 2154661, Plaintiff

4. Tyriekus Edwards # 1871616, Plaintiff

5. Marquise Hodge # 02290428, Plaintiff

6. McGowan Potrick # 01765468, Plaintiff

7. Eric Murphy # 1270021, Plaintiff

8. Mason James # 670604, Plaintiff

9. Glen Adams # 2248478, Plaintiff

10. Robert Wright # 2187716, Plaintiff

11. Conard J. Morgan # 1800055, Plaintiff

12. Albert Hadnot # 2227129, Plaintiff

13. Alexander Lopez # 1847935, Plaintiff

14. In The Estat of Davis Ruiz, Plaintiff

15. In The Estat of Gary Ryan, Plaintiff -

Ryan died in September 2018 from blunt-force head

trauma nearly two weeks after Correctional officer

D'Ander Glasper took him to the floor in the showers

while he was handcuffed -

over Back side ''

Randy Gonzolez # 1920796, Plaintiff

Jimmy Beckham # 1990969, Plaintiff

Devin Neal # 1914660, Plaintiff

Gary Watten # 1773296, Plaintiff

George Atten Baldtri # 1876291, Plaintiff

Quentin Ridley # 1644792, Plaintiff

Beto one unit

1391 FM 3328

Tennessee Colong, Texas 75880

J. Washington # 981678, Plaintiff



7017 3380 0000 3676 0704

CERTIFIED MAIL

1004

David J. Bradley
United States District
Southern District
P.O. Box 61010
Houston, Texas

United States Courts
Southern District of Texas
FILED

AUG 06 2020

David J. Bradley, Clerk of Court

Michael Anthony [illegible]
Eastham Unit #1
2665 Prison Round #1
Loveladay, Texas 75851